IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DWIGHT ALEXANDER, et al.**                                                                 **PLAINTIFFS**

v.                                            4:07CV00754-WRW

**BAYVIEW LOAN SERVICING, LLC**                                                       **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion to Dismiss (Doc. No. 5). Plaintiffs have responded.[1]

Plaintiffs bring this cause of action against Bayview Loan Servicing, LLC "pursuant to 104 F.T.C. 949, 1070 (1984), 15 U.S.C. §§ 45(n) . . . for Unfair, Trade Practices . . . ."[2]

Defendants assert that this case should be dismissed because 15 U.S.C. §§ 45 does not provide for a private cause of action. It appears to me that Defendants are correct.[3]

Accordingly, Defendants' Motion to Dismiss is GRANTED and this case is DISMISSED. All other pending motions are DENIED as MOOT.

IT IS SO ORDERED this 19th day of December, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[1] Doc. No. 7.

[2] Doc. No. 1.

[3] See *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (recognizing that "there is no private cause of action for violations of the Federal Trade Commission Act); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) (holding that the Federal Trade Commission Act "vests initial remedial power solely in the Federal Trade Commission"); *Baum v. Great Western Cities, Inc., of New Mexico*, 703 F.2d 1197, 1209 (10th Cir. 1983) (holding that "private litigants cannot invoke the jurisdiction of the district courts by alleging violations of business practices proscribed by 15 U.S.C.A. § 45(a)(1)").